UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MUNOZ AYALA HAIRO, #240-399-954,

                  Petitioner,

v.                                 Civil No. 2:25cv704

JEFFREY CRAWFORD, et al.,

                  Respondents.

## MEMORANDUM ORDER

Petitioner Munoz Ayala Hairo[1] ("Petitioner"), a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he asserts that he is being unlawfully detained by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency. Petitioner seeks immediate release from ICE custody, as well as various other forms of declaratory and injunctive relief. ECF No. 1, at 8. Federal Respondents ("Respondents") oppose Petitioner's motion, arguing that he is properly detained under the mandatory detention provisions of the Laken Riley Act of 2025. ECF No. 7, at 8-9. Respondents further argue that this Court lacks authority to review the removal order or the merits of any prior bond determination by an Immigration Judge ("IJ"), and that Petitioner may not challenge

---

[1] The Court's docket, and the Petition, lists Petitioner's name in this format. However, it appears from electronic online resources maintained by the Department of Justice and Immigration and Customs Enforcement that Petitioner's name is Hairo Munoz Ayala. See https://acis.eoir.justice.gov/en/ and https://locator.ice.gov/odls/#/search.

the conditions of his confinement in a § 2241 motion.  ECF No. 7, at 11-17.  Petitioner filed a reply brief focusing on his request for immediate release from prolonged mandatory detention.  ECF No. 8, at 4-9.

After reviewing the parties' briefs, it is clear that Petitioner is not properly subject to <u>mandatory</u> detention under the statute relied on by Respondents.[2]  However, because Petitioner has never had a bond hearing at which he was considered for <u>discretionary</u> detention, a bond hearing, rather than immediate release, is the appropriate remedy.

Petitioner is currently detained at ICE's Farmville Detention Center, which is within this Court's jurisdiction.[3]  He has been in ICE custody since early 2025.  Before he entered ICE custody, Petitioner was charged with several state crimes, including multiple larceny offenses, leading ICE to conclude that Petitioner

---

[2] Petitioner was ordered removed from the United States on August 1, 2025, but no final order of removal has issued pending his timely appeal.

[3] Respondents argue that this Court does not have jurisdiction under § 2241 to review (1) the merits of IJ decisions to grant or deny bond, <u>see</u> 8 U.S.C. § 1226(e); (2) Petitioner's removal order or the basis for his arrest; or (3) Petitioner's conditions of confinement.  However, Respondents do not appear to question this Court's authority to address Petitioner's constitutional challenge to his continued civil detention under the Laken Riley Act.  <u>See</u> ECF No. 7, at 8-18 (advancing a merits argument as to why mandatory detention under the Laken Riley Act is still proper <u>before</u> advancing jurisdictional defenses to Petitioner's other requests for relief).  Even if the Government argues otherwise, the Court finds that it has jurisdiction to consider Petitioner's challenge to his detention.  <u>See</u> <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 295 (2018) (concluding that while "§ 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision . . . regarding . . . detention or release," it "does not preclude challenges to the statutory framework that permits the alien's detention without bail") (cleaned up).

2

was subject to "mandatory detention" pursuant to the Laken Riley Act, codified at 8 U.S.C. § 1226(c)(1)(E). Such statute provides that, subject to other requirements, a "criminal alien[]" is subject to mandatory detention if he "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." Id.

After ICE determined that Petitioner was subject to mandatory detention, Petitioner filed a "Bond Redetermination Request." On April 22, 2025, the Immigration Court denied such request due to the mandatory detention provisions of the Laken Riley Act. ECF No. 7, at 7. Petitioner filed an appeal, but Respondents now report that "the BIA suspended the briefing schedule for the appeal" in September of last year. Id. On July 31, 2025, after Petitioner's state larceny charges were dismissed by entry of nolle prosequi, Petitioner filed a motion to reconsider his bond determination. This motion was denied on August 6, 2025, days after Petitioner was ordered removed from the United States. Six months later, Petitioner's appeal of the removal order remains pending and he remains in ICE custody.[4]

---

[4] Respondents reference the April 2025 appeal of Petitioner's bond redetermination request as also still "pending," ECF No. 7, at 9, but the affidavit they submit indicates that briefing on this appeal was "suspended"

Respondents' current position is that Petitioner's detention remains mandatory under the Laken Riley Act, with Respondents offering no other basis for mandatory (or discretionary) detention. ECF No. 7, at 2, 8-9. Petitioner, for his part, challenges the statutory framework that ostensibly permits his continued mandatory detention, arguing that the Laken Riley Act is inapplicable when criminal charges that otherwise support mandatory detention have been dismissed.[5] ECF No. 1, at 8; ECF No. 8, at 7-9.

This Court need not belabor the analysis of the statute authorizing mandatory detention of a non-citizen who "is charged with" or "is arrested for" larceny, 8 U.S.C. § 1226(c)(1)(E) (emphasis added); applying the well-reasoned analysis of another judge of this Court correctly resolves the issue. See Lares v. Bondi, 2025 U.S. Dist. LEXIS 229691 (E.D. Va. Oct. 29, 2025). In short, "by using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one

---

many months ago and there are no facts in the record suggesting that such appeal is still under consideration, ECF No. 7-1 ¶ 9. Moreover, the record does not indicate that this appeal addresses the applicability of the Laken Riley Act after once-pending charges are dismissed as the appeal was filed before Petitioner's state charges were dismissed.

[5] As the Court ultimately grants relief on this argument, it does not consider Petitioner's other claims, but notes its agreement with the Government that claims challenging the conditions of confinement are not properly advanced in a § 2241 motion. ECF No. 7, at 17-18.

of the other clauses of the statute." Id. at *13 (cleaned up). The "plain language" of the statute thus reveals that "detention is not mandatory if the criminal charges have been dismissed." Id. (citing Carr v. United States, 560 U.S. 438, 448 (2010)). Here, "[b]ecause the charges against [Petitioner] have been dismissed, . . . they are no longer pending, and it is not accurate to say that he 'is charged with' or 'is arrested for' . . . larceny." Id. at *14; see Torres v. Francis, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025) (rejecting the respondents' "interpretation that requires mandatory detention following any arrest or charge no matter the ultimate disposition of those charges" because such a reading "would make the words 'is convicted of' superfluous, as no Defendant could possibly proceed to a conviction without first being charged" (cleaned up)); E.C. v. Noem, No. 2:25cv1789, 2025 WL 2916264, at *11 (D. Nev. Oct. 14, 2025) (applying the "doctrine of constitutional avoidance" to conclude that § 1226(c)(1)(E)(ii) "cannot be read to apply to a person [who] has previously been arrested for and charged with a crime" but was later acquitted).[6]

---

[6] A contrary interpretation of the statute would "mean that an individual who was clearly misidentified and arrested or charged with a crime based upon such misidentification would still be subject to mandatory detention without a hearing pursuant to § 1226(c)(1)(E)(ii)." E.C. v. Noem, No. 2:25cv1789, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025) ("Such an interpretation would turn due process on its head by rendering its protections meaningless.").

Because the Laken Riley Act does not authorize mandatory detention after charges have been dismissed, and because "§ 1226(a) sets forth the default rule for detaining and removing aliens already present in the United States," Petitioner, who has been in civil custody for nearly a year, is "entitled to a bond hearing before an Immigration Judge." Lares, 2025 U.S. Dist. LEXIS 229691, at *16 (cleaned up). Absent a hearing at which an IJ considers the propriety of discretionary detention, "[Petitioner's] continued detention is unlawful." Id.; see Helbrum v. Williams Olson, No. 4:25cv349, 2025 WL 2840273, at *6-7 (S.D. Iowa Sept. 30, 2025) (ordering a § 1226(a) bond hearing, rather than release, following the dismissal of theft charges because the IJ previously "believed he lacked the authority to consider discretionary bond"); see also Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

For all the reasons stated above, Petitioner's § 2241 petition is **GRANTED in part**, and Respondents are **ORDERED** to provide Petitioner with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a)[7] **within fourteen (14) days of the**

---

[7] Though not addressed in the briefs, the undersigned joins the numerous decisions of this Court finding, on various legal grounds, that 8 U.S.C. § 1225(b)(2) does not broadly authorize the mandatory detention of non-citizens who have long been present in the United States. See, e.g., Hasan

date of this Order.[8]   Petitioner's § 2241 petition is **DISMISSED and DENIED** to the extent it seeks immediate release or other injunctive relief.

Respondents are **FURTHER ORDERED** to file a status report with this Court within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons given by the IJ for that denial.

The Clerk is **DIRECTED** to enter partial judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Memorandum Order to Petitioner and all counsel of record, and administratively close this civil action.[9]

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 3 , 2026

---

v. Crawford, 800 F. Supp. 3d 641, 651-57 (E.D. Va. 2025); Romero v. Crawford, No. 3:25cv788, 2026 WL 94634, at *2-6 (E.D. Va. Jan. 13, 2026).

[8] This ruling accepts, based on the limited record before it, that all of the predicate Laken Riley Act criminal charges are no longer pending. If this is not the case, such matter will presumably be addressed at the bond hearing.

[9] Although the case will be administratively closed, this closure does not undercut the Court's continuing jurisdiction to ensure compliance with this Order.